### THE SEQUOIA.

(District Court, N. D. California. September 29, 1904.)

#### No. 11,544.

1. COLLISION—ELEMENTS OF DAMAGES RECOVERABLE.

A vessel injured in collision through the fault of another vessel is entitled to recover as damages the expenses incurred in securing. a new rating made necessary by the collision, and also dockage expenses and wages of a watchman while she is necessarily detained for repairs.

2. SAME—DAMAGES WHILE DETAINED FOR REPAIRS—DEDUCTION ON ACCOUNT OF OTHER REPAIRS.

The measure of damages recoverable by the owner of a vessel injured in collision because of her detention for repairs is the value of her use during the time she is necessarily so detained. He is not entitled to recover her probable earnings on a voyage voluntarily abandoned because of such detention in order to be ready to enter on another charter previously made; and where, taking advantage of her detention, he makes other substantial repairs during the same time, of benefit to the vessel, and which must necessarily have been made in the near future, a deduction should be made from the amount otherwise recoverable on account of such benefit.

¶ 1. See Collision, vol. 10, Cent. Dig. § 283.

In Admiralty. Suit for collision.

Frank & Mansfield, for libelant.

Chas. E. Wilson, for claimant.

DE HAVEN, District Judge. This is a libel filed by the owners of the steamer Cleveland against the steamer Sequoia for damages resulting from a collision between those steamers. The collision occurred during the forenoon of May 27, 1898. The Cleveland was moored alongside Mission street pier in the harbor of San Francisco, and was run into by the Sequoia while the latter was passing along the water front. It is not disputed that the collision was occasioned by the fault of the Sequoia, and the only question for decision is that which relates to the measure of damages. The hull of the Cleveland was injured, and this damage was repaired by the owners of the Sequoia. The libelants, however, claim that they suffered other damages "in the expense of surveys of said vessel and inspection and indorsement for the purpose of securing the restoration of said vessel to her rating in the American Record and Bureau Veritas, for dockage, expense of watchman and towage, * * * and further damage in the loss of the use of said vessel for a period of ten days, during which time she was detained for the purpose of making said repairs."

The libelants are clearly entitled to recover the reasonable expense incurred by them in securing a new rating of the Cleveland in the American Record and Bureau Veritas, and also dockage expense and wages of watchman while the steamer was necessarily detained for the purpose of being repaired. This leaves for consideration only the question of the amount of damages to be recovered on account of the detention of the steamer. It appears that the Cleveland was to have left San Francisco June 2d on a voyage to Seattle and return. This voyage would have taken 15 days, after which she was to proceed to Alaska under charter. She was detained 10 or 11 days undergoing repairs made necessary by the collision, and after these were completed it was too late to make the voyage to Seattle and return in time to enter upon the performance of the Alaska charter, and for that reason the voyage to Seattle was abandoned. It further appears that at the time of the collision certain necessary repairs to the boilers and machinery of the Cleveland were being made. These repairs were to have been completed on May 31st, but were not, because it was apparent that the steamer would necessarily be detained beyond that date on account of the damage caused by the collision. While this damage was being repaired, the necessary repairs, which, but for the collision, would have been completed on May 31st, were proceeded with, and, in addition to these, the owners of the Cleveland had other repairs made during the same time, which, while they may not have been then absolutely necessary to render her seaworthy, were yet of a substantial character, and of benefit to the steamer. The making of these latter repairs consumed about one week, but did not interfere with or delay the repairs made necessary by reason of the collision.

The libelants are not entitled to recover as damages the amount which the Cleveland probably would have earned if she had made the trip to Seattle. That voyage was voluntarily abandoned by them in

order that they might secure the benefits of the Alaska charter. The general rule in regard to the measure of damages for the enforced idleness of a ship while the damage caused by a collision is being repaired is well settled. The owner is entitled to demurrage for the time the vessel is necessarily detained while undergoing such repairs; that is, he is entitled to the value of the use of his ship during that period. But manifestly this rule would not be just under the peculiar circumstances of this case, because a portion, if not all, the time she was delayed on account of the collision the Cleveland was undergoing other repairs which were beneficial to her. It may be that these repairs would not have been made at that time except for the fact that the steamer was under detention because of the injury received by her in the collision with the Sequoia, but, nevertheless, the repairs made were substantial, and must have been made some time in the near future. To allow the owners of the Cleveland to recover the entire value of her use during the time they were being made would really place them in a better position than if the collision had not occurred. I am aware that this conclusion is opposed to the rule followed in the case of The Acanthus, 85 L. T. (N. S.) 696. I am not, however, satisfied with the reasoning upon which that decision is based. It seems to me more equitable to hold that upon the facts appearing here the libelants are only entitled to recover as damages one-half the value of the use of the Cleveland while she was undergoing repairs. A decree will be entered in favor of libelants for damages and costs, in accordance with this opinion.